UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JULIO CESAR GOMEZ, <br> Institutional ID No. 52714-004, <br><br> Plaintiff, <br><br> v. <br><br> KEITH HALL, Warden, <br> et al., <br><br> Defendants. | § § § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. <br> 6:12-CV-0065-BL <br> ECF <br><br><br> Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Julio Cesar Gomez, who is proceeding *pro se* and *in forma pauperis*, filed his complaint under 42 U.S.C. § 1983 on October 25, 2012. (Doc. 1). On October 31, 2012 he consented, (Doc. 5), to having a United States magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). His Motion to Appoint Counsel of October 29, 2012, (Doc. 4), was denied on November 6, 2012. (Doc. 6). His case was reassigned to the U.S. magistrate judge on December 6, 2012. (Doc. 10). This court ordered, (Doc. 14), an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). On April 3, 2013, 2013, Gomez testified at his evidentiary hearing in San Angelo, Texas.

Gomez was confined at all times relevant to the claims in his amended complaint at Eden Detention Center in Eden, Texas. Defendants in this case include Keith Hall, the Warden of Eden Detention Center; FNU Wagner, the Eden Detention Center's hospital administrator; Dr. Mendoza,

Plaintiff's treating physician; the Corrections Corporation of America; and the Federal Bureau of Prisons.

Gomez is seeking injunctive relief in the form of a court order that he be allowed to see a neurosurgeon and to receive an epidural injection for his back pain.[1]

## I. FACTUAL BACKGROUND

In his complaint, Gomez alleges that:

He has pain in his back. Based on his prior treatment by Dr. Andres Vega in Hialeah, Florida in 1996, Gomez believes that his back pain requires treatment with an epidural injection. Dr. Mendoza has not prescribed an injection. He has instead prescribed ibuprofen, (Doc. 1 at 4), and a six month prescription 500 mg of Naproxen. (Doc. 1, Attachment at 8). After Gomez complained of side effects from his prescription, Dr. Mendoza adjusted the dosage on July 13, 2012. (Doc. 1, Attachment 1 at 9).

Hospital Administrator Wagner has not allowed Gomez to visit with a neurosurgeon to get a second opinion. Wagner instead advised Gomez to seek another appointment with Dr. Mendoza for further discussion about the advisability of an epidural injection. (Doc. 1, Attachment at 8).

Warden Hall, the Corrections Corporation of America, and the Bureau of Prisons have not granted Gomez's grievances about his medical treatment. In his response of July 25, 2012 to a grievance by Gomez regarding these issues, Warden Hall notes that the documentation of Dr. Vega's treatment recommendations after the 1996 epidural injections prescribe only physical

---

[1] In his testimony at his evidentiary hearing, Gomez acknowledged that he has since been referred for further examination by a neurosurgeon, and is now considered a candidate for an epidural injection. Insofar as that is the case, it would render his complaint, and therefore this case, moot.

therapy, rather than a further course of injections. (Doc. 1, Attachment at 9); *see also* "Admission Note" by Dr. Andres Vega of August 1, 1996, (Doc. 1, Attachment at 15) ("I would suggest physical therapy for this patient in the near future.")

Gomez argues in his complaint that the circumstances above amount to cruel and unusual punishment.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the case is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and assertions in his complaint to determine whether Plaintiff's allegations establish grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

**A. Official Capacity Claims**

It is unclear whether Gomez is suing Defendants in their official or individual capacities. As to claims against Defendants in their official capacities, the Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A state's sovereign immunity is not waived for claims pursuant to § 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)). Moreover, the State of Texas has not consented to this suit. *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). The Eleventh Amendment immunity thus extends to Eden Detention Center officers acting in their official capacity. *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law. *See Aguilar*, 160 F.3d at 1054. However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)). No such policy is at issue here.

Insofar as Gomez is suing Defendants in their official capacities, the court finds that all of his claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

### B. Cruel and Unusual Punishment Claim of Inadequate Medical Care

In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105-07. In order to state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (citing *Estelle*, 429 U.S. at 105). Neither "'negligence, neglect or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson,* 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of

liability"; a plaintiff must show that the Defendants were "deliberately indifferent." *Adames*, 331 F.3d at 514.

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321 (citing *Johnson*, 759 F.2d at 1238); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, a plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

Here, Gomez's complaint indicates that he has received analgesics for his back pain from Dr. Mendoza. Accepting Gomez's allegations as true, his claim of inadequate medical care amounts to a disagreement between patient and medical professional as to appropriate treatment, which is not actionable under § 1983. *Banuelos*, 41 F.3d at 235. Accordingly, Gomez's claims against all Defendants for inadequate medical treatment lacks an arguable basis in law or fact and the court finds that any such claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

### III. CONCLUSION

The court finds that Plaintiff has failed to state a cognizable constitutional claim against Defendants in either their official or individual capacities.

**IT IS, THEREFORE, ORDERED** that all such claim(s) against any Defendant(s) are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

DATED this 4th day of April, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**